**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: david_peterson@fd.org

Attorneys for Mr. Cruz-Merino

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  GREGORIO CRUZ-MERINO (1), aka ROBERTO TORRES- HERNANDEZ,  MIGUEL MERINO-CALVERO  Defendants. | Case No. 08cr1165-JM  Date: May 16, 2008  Time: 11:00 a.m.  **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

**I.**

**STATEMENT OF FACTS**[1]

On March 27, 2008, Mr. Cruz-Merino was arrested in a Chevrolet Tahoe approximately 9 miles North of the International Border on Japatul Road. This arrest occurred after agents in plain clothes and unmarked vehicles observed the Tahoe traveling eastbound on Japatul Valley Road in Jamul, California. As Agent Penagos stationed his vehicle on Lyons Valley Road, he could observe any vehicles exiting onto Spirit Valley Road. Agent Penagos began following the Tahoe to conduct surveillance. According to

---

[1] The following statement of facts is based on the probable cause statement and limited discovery provided by the government. Mr. Cruz-Merino in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

vehicle records checks, the vehicle was registered to an owner in Oceanside, California. Agent Miranda, who was in a marked border patrol vehicle, responded to request for assistance. He attempted a vehicle stop, by activation of emergency lights and siren. The Tahoe continued driving for one mile, and terminated pursuit at the Greenfield Avenue exit on Interstate 8. Plainclothes agents followed the Tahoe. Agent Penagos deployed a controlled tire deflation device and stopped the vehicle. Three individuals and one in the passenger seat were identified as undocumented aliens with no legal right to enter or remain in the United States. Gregorio Cruz-Merino was arrested as the driver of the vehicle.

On April 15, 2008, Mr. Cruz-Merino pled not guilty to a six-count indictment alleging transportation of illegal aliens in violation of Title 8, United States Code § 1324(a)(1)(A)(ii) and bringing aliens into the United States for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code § 1324(a)(2)(B)(ii). These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) Mr. Cruz-Merino's Statements. The government must disclose: (a) copies of any written or recorded statements made by Mr. Cruz-Merino; (b) copies of any written record containing the substance of any statements made by Mr. Cruz-Merino; and (c) the substance of any statements made by Mr. Cruz-Merino that the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A)-(B). This request specifically includes a copy of any **audio and video-taped statements** of Mr. Cruz-Merino and any rough notes agents took of his statements.

(2) Mr. Cruz-Merino's Prior Record. Mr. Cruz-Merino requests disclosure of his prior record. This includes Mr. Fudge's record of contacts with the United States Border Patrol and/or the Immigration and Naturalization Service, even if those contacts did not result in prosecution. See Fed. R. Crim. P. 16(a)(1)(D).

(3) Arrest Reports, Notes and Dispatch Tapes. Mr. Cruz-Merino also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to he circumstances

1  surrounding his arrest or any questioning. This request includes, but it is not limited to, any rough notes,
2  photographs, records, reports, transcripts or other discoverable material. Fed. R. Crim. P. 16 (a)(1)(A)-(B),
3  (E); Brady v. Maryland, 373 U.S. 83 (1983). The government must produce arrest reports, investigator's
4  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining
5  to the defendant. Fed. R. Crim. P. 16 (a)(1)(A)-(B), (E); Fed. R. Crim. P. 26.2. **Specifically, Mr. Cruz-**
6  **Merino requests the dispatch tapes between officers Miranda, Petras, and all other officers involved**
7  **in the stop and arrest of Mr. Cruz-Merino.**
8  (4) Documents and Tangible Objects. Mr. Cruz-Merino requests the opportunity to inspect, copy,
9  and photograph all documents and tangible objects which are material to the defense or intended for use
10 in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P.
11 16(a)(1)(E).
12 (5) Reports of Scientific Tests or Examinations. Mr. Cruz-Merino requests the reports of all tests
13 and examinations which are material to the preparation of the defense or are intended for use by the
14 government at trial. See Fed. R. Crim. P. 16(a)(1)(F).
15 (6) Expert Witnesses. Mr. Cruz-Merino requests the name and qualifications of any person that the
16 government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(G). In addition, Mr. Cruz-
17 Merino requests written summaries describing the bases and reasons for the expert's opinions. See id. We
18 request that the Court order the government to notify the defense as such in a timely manner, so that a
19 proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly delaying the trial.
20 (7) Brady Material. Mr. Cruz-Merino requests all documents, statements, agents' reports, and
21 tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland,
22 373 U.S. 83 (1963). This request specifically includes a copy of any **audio and video-taped statement**
23 of material witnesses and any rough notes agents took of their statements.
24 In addition, impeachment evidence falls within the definition of evidence favorable to the accused,
25 and therefore Mr. Cruz-Merino requests disclosure of any impeachment evidence concerning any of the
26 government's potential witnesses, including prior convictions and other evidence of criminal conduct. See
27 United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); United States
28 v. Henthorn, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed

1  (by a member of the public, by another agent, or any other person) against the agent, whether or not the
2  investigating authority has taken any action, as well as any matter for which a disciplinary review was
3  undertaken, whether or not any disciplinary action was ultimately recommended. In addition, Mr. Cruz-
4  Merino requests any evidence tending to show that a prospective government witness: (a) is biased or
5  prejudiced against the defendant; (b) has a motive to falsify or distort his or her testimony; (c) is unable to
6  perceive, remember, communicate, or tell the truth; or (d) has used narcotics or other controlled substances,
7  or has been an alcoholic.

8  (8) <u>Request for Preservation of Evidence</u>. Mr. Cruz-Merino specifically requests the preservation
9  of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession,
10 custody, or care of the government and that relate to the arrest or the events leading to the arrest in this
11 case. Mr. Cruz-Merino specifically requests preservation of agent "rough notes," which includes all notes
12 taken by any and all agents involved in the events leading up to the vehicle stop, the vehicle stop itself, the
13 arrest and processing of Mr. Cruz-Merino, whether the notes were written before, during, or after the arrest.

15 (9) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall
16 provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government
17 proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Cruz-Merino requests such notice
18 three weeks before trial in order to allow for adequate trial preparation.

19 This includes any "TECS" records (records of prior border crossings) that the Government intends
20 to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing
21 intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are
22 "other acts" evidence that the government must produce before trial. See <u>United States v. Vega</u>, 188 F.3d
23 1150, 1154-1155 (9th Cir. 1999). **Specifically, Mr. Cruz-Merino requests information including**
24 **reports of investigation, arrest reports, and any other information regarding his alleged previous**
25 **arrests and releases.**

26 (10) <u>Witness Addresses</u>. Mr. Cruz-Merino's counsel requests access to the government's witnesses.
27 Thus, counsel requests a witness list and contact phone numbers for each prospective government witness.
28 Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any

1    of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.
2    **Particularly, Mr. Cruz-Merino requests the full name and last known addresses of all material**
3    **witnesses, including the three percipient witnesses who were released and deported on March 27,**
4    **2008.**

5    (11) <u>Jencks Act Material</u>. Mr. Cruz-Merino requests production in advance of trial of all material
6    discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays
7    at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case;
8    these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production
9    of transcripts of the testimony of any witness before the grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3).

10   (11a) <u>Original I-213s</u>. Counsel has received some but not all of the typewritten I-213s pertinent to
11   this case. Typically, however, in addition to the typewritten ones, the agents hand-write I-213 and related
12   materials in the field. Later, those notes are typed into the computer. Counsel hereby requests the
13   aforementioned handwritten notes.

14   (12) <u>Informants and Cooperating Witnesses</u>. Mr. Cruz-Merino requests disclosure of the name(s),
15   address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and
16   in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated
17   in the crime charged against Mr. Cruz-Merino. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The
18   government must disclose any information derived from informants which exculpates or tends to exculpate
19   Mr. Cruz-Merino. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information
20   indicating bias on the part of any informant or cooperating witness. <u>Id.</u>

21   (13) <u>Residual Request</u>. Mr. Cruz-Merino intends by this discovery motion to invoke his rights to
22   discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
23   and laws of the United States.

**III.**

**<u>THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE</u>**

26   Mr. Cruz-Merino requests the preservation of all physical evidence in this case. This includes any
27   evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the
28   government (or its private contractors) in this case. <u>United States v. Riley</u>, 189 F.3d 802, 806-808

(9th Cir.1999).  This request includes, but is not limited to:  (1) the results of any fingerprint analysis; (2) Mr. Cruz-Merino' personal effects; **(3) the agents' rough notes**; **(4) any radio broadcast, if it is recorded;** (5) any videotape taken of Mr. Cruz-Merino, or anyone else involved in this case, including deported material witnesses; (6) any evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants); and (7) the vehicle in this case.  This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).  Defendant requests that government counsel be ordered to notify the agencies and private contractors with custody of such evidence of the Court's preservation order.

### IV.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has received 130 pages of discovery in this case as of filing the instant pleadings. As information comes to light, the defense may find it necessary to file further motions.  Specifically, Mr. Cruz-Merino anticipates filing a stop motion, suppression motions, and motions to dismiss the indictment and compel grand jury transcripts as more information becomes available.   Therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### V.

### CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Cruz-Merino, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: May 2, 2008

*/s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cruz-Merino

H:\DMP\Cases\1324\Torres-Hernandez\amended.torres-hernandez.disc.mtn.wpd

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: May 12, 2008                     /s/ DAVID M. PETERSON
                                        Federal Defenders of San Diego, Inc.
                                        225 Broadway, Suite 900
                                        San Diego, CA  92101-5030
                                        (619) 234-8467  (tel)
                                        (619) 687-2666  (fax)
                                        david_peterson@fd.org (email)

H:\DMP\Cases\1324\Torres-Hernandez\amended.torres-hernandez.disc.mtn.wpd